UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| LAURA KOCHUTEN, | ) | CASE NO. C07-0613-MJP |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | RE: SOCIAL SECURITY |
| MICHAEL J. ASTRUE, | ) | DISABILITY APPEAL |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff Laura Kochuten proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied plaintiff's application for Supplemental Security Income (SSI) benefits after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, it is recommended that the decision be AFFIRMED.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1960.[1] She did not complete high school. Her most recent

---

[1] Plaintiff's date of birth is redacted back to the year of birth in accordance with the General Order of the Court regarding Public Access to Electronic Case Files, pursuant to the

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -1

work was as a telemarketer and as a salesperson in an antiques store. She also worked on and off as a partner with her husband on a fishing boat, but did not draw a check. (AR 22.)

Plaintiff filed an application for SSI benefits on September 23, 2003, alleging disability beginning January 1, 1997. Her application was denied at the initial level and on reconsideration, and she timely requested a hearing, which was held on July 24, 2006. (AR 376-94.) A decision was issued on September 19, 2006 finding plaintiff not disabled. (AR 15-23.)

Plaintiff timely appealed to the Appeals Council. After considering additional evidence, the Appeals Council denied the request for review, making the ALJ's decision the final decision of the Commissioner. (AR 5-8.) Plaintiff timely appealed to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found plaintiff had not engaged in substantial gainful activity since her alleged onset date. At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found plaintiff to have a severe impairment consisting of Hepatitis C. Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that plaintiff's impairment did not meet or equal the criteria for any listed impairment. If a claimant's impairments do not meet or equal a listing,

---

official policy on privacy adopted by the Judicial Conference of the United States.

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -2

the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found plaintiff had the RFC to occasionally lift/carry twenty pounds and ten pounds frequently. She could stand/walk about six hours in an eight-hour workday, and sit about six hours in an eight-hour workday. She should avoid concentrated exposure to extreme cold and extreme heat. With this functional capacity, the ALJ concluded that plaintiff could perform her past relevant work as salesperson in an antiques store as actually performed. If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. Finding plaintiff not disabled at step four, the ALJ did not proceed to step five.

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff contends the ALJ improperly rejected the opinion of her treating physician, Dr. Llewellyn, and that none of the reasons given by the ALJ were based on substantial evidence found in the record. The Commissioner argues that the ALJ only rejected Dr. Llewellyn's opinion to the

extent it addressed plaintiff's employability, an issue reserved to the Commissioner, and that, in so doing, the ALJ's conclusion was supported by legally sufficient reasons. For the reasons described below, the undersigned concludes that the Commissioner's decision is supported by substantial evidence and should be affirmed.

Opinion of Treating Doctor

Where not contradicted by another physician, a treating or examining physician's opinion may be rejected only for "'clear and convincing'" reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining physician's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Id*. at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). "'The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings.'" *Magallanes*, 881 F.2d at 751 (quoting *Cotton v. Bowen*, 799 F.2d 1403, 1408 (9th Cir. 1986)). A doctor's opinion as to the existence of an impairment, even that of a treating physician, is not binding on the ALJ. *Batson v. Commissioner*, 359 F.3d 1190, 1194 (9th Cir. 2004).

The ALJ discussed Dr. Llewellyn's opinions as follows:

> In June 2004, Dr. Llewellyn stated that the claimant could not perform any level of work activity. In August 2004, Dr. Llewellyn stated that the claimant had a long-standing diagnosis of Hepatitis C with significant chronic fatigue and arthralgias, multiple nonspecific neurologic symptoms, headaches, and significant symptoms of panic disorder off and on with depression. She stated that the claimant had no improvement of her symptoms despite various multiple attempts at treatment. She opined that the claimant had not been able to sustain any consistent work since 1993.
>
> . . .

>   The undersigned accords limited weight to Dr. Llewellyn's opinion. As described above, the claimant's anxiety and depressive symptoms do not cause significant functional limitations and her complaints of myalgias, arthralgias, headaches, and fatigue do not meet the CDC criteria for CFS. While she has Hepatitis C, the objective findings are fairly minimal and do not support Dr. Llewellyn's opinion that the claimant is disabled. Further, despite Dr. Llewellyn's recommendation to start Interferon treatment and explanations that it is the only medication available to treat Hepatitis C, the claimant has shown a continued lack of interest in pursuing Interferon-based therapy, which is inconsistent with someone alleging disabling symptoms.
>
>   Accordingly the undersigned gives greater weight to the opinion of the State agency medical consultant and finds that the claimant could perform light work.

(AR 21-22, internal citations to record omitted.)

Plaintiff contends that the reasons given by the ALJ for giving less weight to Dr. Llewellyn's opinions were not legally sufficient. First, plaintiff takes issue with the ALJ's comment that plaintiff's complaints do not meet the criteria for chronic fatigue syndrome. However, although Dr. Llewellyn opined that the "primary source of the bulk of [plaintiff's] illness" was arthralgias and chronic fatigue caused by chronic hepatitis C, it was not unreasonable for the ALJ to rule out other potential causes of these symptoms.

Plaintiff posits an inconsistency between the ALJ's step two finding that her Hepatitis C is a severe impairment, and the failure to attribute any limitations to that condition at step four of the sequential analysis. However, not all impairments cause vocationally relevant limitations.

Plaintiff also suggests that the ALJ was substituting her own medical judgment in stating that the "objective findings are fairly minimal and do not support Dr. Llewellyn's opinion that the claimant is disabled." (AR 22.) However, contrary to plaintiff's assertion, an ALJ may discredit the opinion of a treating physician that is unsupported by objective medical findings. *Batson*, 359 F.3d at 1195. Furthermore, an ALJ may disregard a treating physician's opinion whether or not

that opinion is contradicted. *Id.* (citing *Magallanes*, 881 F.2d at 751). Rather than substituting her own medical judgment, the ALJ was appropriately deciding an issue reserved to the Commissioner, that is, whether the plaintiff was disabled. 20 C. F. R. § 416.927(e)(1); *see also* Social Security Ruling (SSR) 96-5p, *available at* 1996 WL 374183.

The ALJ's reliance on plaintiff's "continued lack of interest in pursuing Interferon- based therapy" (AR 22), however, seems less appropriate. As plaintiff correctly points out, and as the ALJ seems to acknowledge, there has been some variance in the opinions of the medical providers as to the usefulness of this particular treatment in addressing her Hepatitis C. (*See*, *e.g.*, AR 20.) Nevertheless, the other legitimate and specific reasons cited by the ALJ provide substantial support for the ALJ's decision to give limited weight to Dr. Llewellyn's opinion that plaintiff cannot perform any level of work activity, and to give greater weight to the opinion of the state agency medical consultant that plaintiff could perform light work. (AR 22, 171-75.)[2]

### Conclusion

The Commissioner's decision is supported by substantial evidence and should be affirmed.

DATED this 29th day of January, 2008.

Mary Alice Theiler
United States Magistrate Judge

---

[2] In fact, Dr. Llewellyn's opinion about plaintiff's likelihood to become employed seems more predictive than proscriptive. (AR 251 ('*I think from knowing her these many years, as well as on exam and discussion with her, maintaining any kind of sustainable work will be extremely unlikely.*") (emphasis added).)

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -6